UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

DIANE BROWN,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DIANE BROWN, sues Defendant, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, and alleges:

### A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line after an elevator's doors closed on the Plaintiff's arm.

### B. Basis of Jurisdiction and Venue

2. This case falls within the Court's maritime jurisdiction because:

    (a) the accident occurred on navigable waters, and

    (b) the accident bears a significant relationship to traditional maritime activity.

3. The passenger ticket that the Defendant sold the Plaintiff contains a forum-selection clause that says that actions such as this may be filed only in Miami in the United States District Court for the Southern District of Florida.

### C. Two Counts of Negligence

#### Count 1
#### Negligent Maintenance of Elevator

4. On or about January 3, 2020, the Plaintiff was a fare-paying passenger on the *Serenade of the Seas,* a cruise ship owned and operated by the Defendant.

5. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

6. At that time and place, on or about deck 5, the Defendant breached its duty of care toward the Plaintiff when it negligently maintained an elevator, causing the elevator doors to close on the Plaintiff's arm.

7. The Defendant knew about this hazard or the hazard had existed for a sufficient length of time that the Defendant should have known about it or the hazard occurred with regularity and was therefore foreseeable.

8. Under the doctrine of res ipsa loquitur, the Defendant's breach of its duty of care is established by virtue of the following facts:

   (a)   The Plaintiff was without fault.

   (b)   The instrumentality causing the injury (the elevator control system) was under the exclusive control of the Defendant.

   (c)   The mishap is of a type that ordinarily does not occur in the absence of negligence.

9. When the Plaintiff's arm got caught between the elevator's closing doors, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense

of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

10. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for money-damages against the Defendant.

### REQUEST FOR JURY TRIAL

The Plaintiff demands a jury trial. As to those issues that are not triable by a jury, the Plaintiff respectfully requests a jury trial under Rule 39 of the Federal Rules of Civil Procedure.

### Count 2
### Negligence: Failure to Warn

11. On or about January 3, 2020, the Plaintiff was a fare-paying passenger on the *Serenade of the Seas,* a cruise ship owned and operated by the Defendant.

12. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

13. At the time and place, on or about Deck 5, the Defendant breached its duty of care toward the Plaintiff when it failed to warn the Plaintiff that the doors of the Defendant's elevator would close even when one extended one's arm between the elevator's doors.

14. As a result of the Defendant's failure to warn the Plaintiff about this unexpected hazard, the elevator doors closed on the Plaintiff's arm.

15. When the elevator's doors closed on the Plaintiff's arm, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

16. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for money-damages against the Defendant.

REQUEST FOR JURY TRIAL

The Plaintiff demands a jury trial. As to those issues that are not triable by a jury (if any), the Plaintiff respectfully requests a jury trial under Rule 39 of the Federal Rules of Civil Procedure.

Dated: November 6, 2020

Respectfully submitted,

David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
T: (954) 920-1571
Attorneys for the Plaintiff, Diane Brown